UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HELEN DIANE McCARTHY,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL HEATH JOHNSON,**<br><br>Defendant. | Case No. 21-mc-4 (GMH) |

## ORDER DENYING GORDON OLDHAM'S MOTION FOR SANCTIONS

Before the Court is nonparty respondent Gordon Oldham's ("Oldham") motion for sanctions. ECF No. 12. The motion relates to Plaintiff Helen Diane McCarthy's motion for examination, *see* ECF No. 3, which the Court denies in a contemporaneous Memorandum Opinion & Order, *see* ECF No. 16. The Court denied the motion for examination because it lacked jurisdiction over Oldham. *Id*. After the motion for examination was fully briefed but before the Court decided that motion, Oldham filed the motion for sanctions, arguing that there was "no conceivable basis that would support the exercise of personal jurisdiction over [him] in this forum" and that he was "entitled to an award of attorneys' fees and costs incurred in defending this motion which was filed with no legal or factual basis." ECF No. 12 at 2, 4. Plaintiff opposed the motion, and Oldham replied. ECF Nos. 13–14. Although the Court finds that the motion for examination is jurisdictionally infirm and denies it for that reason, it was not so frivolous as to be sanctionable. The Court notes that there was no controlling D.C. Circuit precedent on the issues presented in the motion for examination, and the case law on post-judgment discovery—and particularly jurisdictional issues in that context—is both scarce and not totally harmonious. More, Plaintiff made a non-frivolous (but ultimately unsuccessful) argument that jurisdiction was not a bar to this

Court's authorization of the discovery she sought.  ECF No. 9 at 3–4; *see also* ECF No. 13 at 2–7.  Further, the Court is of the view that "neither [Plaintiff] nor her attorneys have 'multiplie[d] the proceedings in [this] case unreasonably and vexatiously.'"  *Hickey v. Scott*, 738 F. Supp. 2d 55, 74 (D.D.C. 2010) (alterations in original) (quoting 28 U.S.C. § 1927)).  So, in these circumstances, sanctions are not warranted.  *See* Fed. R. Civ. P. 11(b)(2), (c) (explaining that sanctions are not appropriate where a party's claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); *Robinson Rubber Prods. Co. v. Hennepin Cty.*, 12 F. Supp. 2d 975, 982 (D. Minn. 1998) (finding that Rule 11 sanctions were not warranted where, as here, a party's proffered theory "present[ed] an issue for which there is no controlling precedent directly applicable to this situation").  Thus, it is hereby

**ORDERED** that nonparty respondent Gordon Oldham's Motion for Sanctions (ECF No. 12) is **DENIED**.  Each party shall bear their own costs.

Date:  August 2, 2022

                                                                                                      _____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE